Robert Louis **WILLIFORD**, Appellant,

v.

The **PEOPLE OF the STATE OF CALIFORNIA**, Robert A. Heinze, Warden, Folsom State Prison, et al., Appellees.

No. 19160.

United States Court of Appeals
Ninth Circuit.
Feb. 26, 1964.

**48**

Robert Louis Williford, Represa, Cal., in pro. per.

Stanley Mosk, Atty. Gen. for State of California, Sacramento, Cal., for appellee.

Before HAMLEY, HAMLIN and BROWNING, Circuit Judges.

PER CURIAM.

In this civil rights action predicated upon 28 U.S.C. § 1343(3) (1958), and R.S. § 1977 et seq. (42 U.S.C. § 1981 [1958] et seq.), judgment of dismissal was entered by the district court, whereupon plaintiff filed in that court a notice of appeal and moved for leave to appeal in forma pauperis. Acting upon that motion the district court granted plaintiff permission to proceed with an appeal "without the pre-payment of any fees of this Court or its officers."

The quoted words have the effect of relieving appellant of the necessity of paying the five dollar fee payable in the district court upon filing a notice of appeal, as required by 28 U.S.C. § 1917 (1958). Because of the indicated limitation on the scope of forma pauperis relief granted by the district court, however, appellant was not excused from the necessity of paying the fees and costs assessable in this court in connection with such appeals.

There is a twenty-five dollar docketing fee. See 28 U.S.C. § 1913 (1958), resolution of Judicial Conference of the United States, effective January 1, 1946, following 28 U.S.C.A. § 1913. And one who is permitted to appeal in this court in forma pauperis may, without additional authorization, proceed on typewritten briefs. Rule 18(6), Rules of the United States Court of Appeals for the Ninth Circuit.

Apparently assuming that the order entered in the district court relieved him from all fees and costs on appeal, appellant did not file in this court a motion expressly seeking permission to proceed here in forma pauperis. He did, however, move in this court for appointment of counsel, alleging therein that he was indigent. We will regard this motion as also, in effect, a motion to proceed herein in forma pauperis.

The order of the district court granting leave to appeal in forma pauperis insofar as the fees assessable in

that court are concerned, necessarily represents a determination by that court that appellant is a pauper and that the appeal is taken in good faith. 28 U.S.C. § 1915. There are, of course, other considerations, where the question is whether a plaintiff in a civil rights action should be permitted to proceed in the district court in forma pauperis. See Weller v. Dickson, 9 Cir., 314 F.2d 598.

■ Since these are the only considerations before us in passing upon the motion now made here, we accept the determinations made by the district court and are today entering an order granting the motion.

■ There is no good reason why an appellant should be required to make such a motion in this court after the district court has determined, on a similar motion made in that court, that the appellant is a pauper and that the appeal is taken in good faith. This duplication can be avoided if the district court, upon making such a determination, grants leave to appeal in forma pauperis, without restricting the scope of such relief to the fees assessable in the district court.