**Eulalie E. COOPER, Plaintiff,**

v.

**DELTA AIR LINES, INC., Defendant.**

**Civ. A. No. 67–477.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Oct. 19, 1967.

James F. Quaid, Jr., Baldwin & Quaid, Sidney Bach, New Orleans, La., for plaintiff.

Bernard Marcus, Charles K. Reasonover, of Deutsch, Kerrigan & Stiles, New Orleans, La., G. Dean Booth, Jr., Atlanta, Ga., for defendant.

COMISKEY, District Judge.

Delta fired stewardess, Eulalie E. Cooper, plaintiff, on April 1, 1966 because she had gotten married on October 17, 1964. Delta's policy was to employ only single women as stewardesses and plaintiff got the job knowing this when she signed the following agreement:

Delta Air Lines, Inc.

Employment Termination in the
Event of Marriage

(Stewardess)

As a further consideration for employment I hereby certify that I have never been married and that I shall terminate automatically and voluntarily my employment with Delta Air Lines prior to the event of my entry into a contract of marriage any time during the Stewardess Training Course, after successfully completing the stewardess training class and prior to the assignment of regular stewardess duties or after assignment to regular stewardess duties. I understand and

further agree that my employment as a stewardess will not be continued beyond the end of the month during which my thirty-fifth (35th) birthday occurs.

Plaintiff charged Delta with discrimination in violation of 42 U.S.C. § 2000e et seq. before the Equal Employment Opportunity Commission, which wrote plaintiff a statutory letter advising her to file this suit if she wanted. The letter from E.E.O.C. admitted it had not "made a determination" as to the legal validity of her case under the 1964 Civil Rights Law. The plaintiff's suit complains that Delta's policy of limiting her job to single women is an unlawful employment practice.

§ 2000e–2. Unlawful employment practices — Employer practices

"(a) It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

Delta admits that it applies this "single woman rule" to only its stewardesses and not to any of its other employees, male or female. Delta urges, however, that its "single woman rule" is "reasonably necessary to the normal operation of its" business and comes within the legal exception of the Civil Rights Law, 42 U.S.C. § 2000e-2(e), known as a "bona fide occupational qualification";

" * * *, (1) it shall not be an unlawful employment practice for an employer to hire * * * employees, * * *, on the basis of his religion, sex, or national origin in those certain instances where religion, sex, or national origin is a bona fide occupational qualification reasonably necessary to the normal operation of that particular business * * *,"

After numerous defense motions which were denied with reasons, this case was tried on the merits with plaintiff seeking reinstatement, back wages, and injunctive relief, all of which we deny and we dismiss the plaintiff's suit.

The plaintiff invokes the jurisdiction of this Court under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 (f), which, while we have jurisdiction under this act, the plaintiff has no remedy under it.

Congress branded as illegal almost every employment practice which discriminates against an individual because of her race, color, religion, sex, or national origin. But Congress did not outlaw Delta's discretion to hire only stewardesses who are single and young, 20 to 26 years of age, average height, 5′2″ to 5′6″, slim, not more than 135 pounds, educated, at least two years of college. These qualities, Delta's witness testified, are requirements before we employ a stewardess, or keep her afterwards, along with the requirements that Delta's stewardesses must have "good complexions", must be "neat", must be "attractive", and their "family background" and "moral character" must be "good". Finally, Delta proved that it does not hire males to be stewards, only females, and finally Delta's experience shows that "single women" are better stewardesses than "married women" for various reasons *viz:* better passenger acceptance, change flight schedules easier, less likelihood of pregnancy.

As far as we can see, this is the first case on this point and legislative history is silent on this point and many others. The addition of "sex" to the prohibi-

 

tion against discrimination based on race, religion or national origin just sort of found its way into the equal employment opportunities section of the Civil Rights Bill. It is notably omitted from the public accommodations section. Congressional hearings on the sex amendment were never held and therefore any clear legislative history is absent. The only congressional debate that touched on the subject centered on the exception based on a bona fide employment qualification. Actually, the U. S. Department of Labor went on record in a letter to Congressman Celler (D., N.Y.) "that to attempt (to add sex) would not be to the best advantage to women at this time". Judicial precedent in state jurisprudence is likewise barren since "only two states, Wisconsin and Hawaii, include sex discrimination as an unlawful practice in fair employment laws", 50 Iowa Law Review 778, 791 (1965); Hawaii Rev. Laws Section 90A-1 (Supp.1963); Wis.Stat.Ann. § 111.31–.32(5), .36(3)–(4) (Supp.1964). New York recognizes as a civil right the opportunity to obtain employment without serious discrimination. New York Executive Law, McKinney's Consol.Laws, c. 18, Section 291.

■■ But the absence of legislative intent or the shortage of judicial precedent among the states is no real problem in this case. By reading the act it is plain that Congress did not bann discrimination in employment due to one's marital status and that is the issue in this case. Delta has a right to employ single females and to refuse to employ married females, and this discretion is in no way limited by the Civil Rights Law from a plain reading of the above quoted sections.

The plaintiff argues that no such unmarried status is required of Delta's male employees and therefore this is discrimination against the plaintiff because she is female. But that reasoning is faulty. The discrimination lies in the fact that the plaintiff is married—and the law does not prevent discrimination against married people in favor of the single ones. Perhaps if this were a suit by a prospective male steward who was refused employment because he is a male, our answer might be different, but then the "bona fide occupational qualification" would have to be considered.

The only case cited by defendant is Bowe v. Colgate-Palmolive Co., 272 F. Supp. 332 (S.D.Ind., 1967), but the case concerns itself exclusively with the refusal of Colgate to employ females in jobs which require lifting of heavy weights and the case goes off on the bona fide occupational qualification exception which is inapplicable in the instant case.

Under the circumstances, the plaintiff's suit is dismissed at her costs and the Clerk will accordingly prepare a judgment.