**Ida PHILLIPS, Plaintiff-Appellant,**

v.

**MARTIN MARIETTA CORPORATION,**
**Defendant-Appellee.**

No. 26825.

United States Court of Appeals
Fifth Circuit.

May 26, 1969.

Reese Marshall, Jacksonville, Fla., for appellant.

David R. Cashdan, Philip B. Sklover, Attys., Daniel Steiner, Gen. Counsel, Russell Specter, Asst. Gen. Counsel, Equal Employment Opportunity Commission, Washington, D. C., amicus curiae.

J. Thomas Cardwell, George T. Eidson, Jr., J. Thomas Cardwell, of Akerman, Senterfitt, Eidson, Mesmer, Robbinson & Wharton, Orlando, Fla., for appellee.

Before GEWIN, McGOWAN * and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

The present action is before us on an appeal from the granting of a motion for summary judgment by the District Court. The original complaint under Section 706(e) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e), alleged that appellee Martin Marietta Corporation had violated Section 703, 42 U.S.C. § 2000e–2 when it wrongfully denied appellant Phillips employment because of sex. An ancillary issue raised concerns the propriety of the District Court's allowing the appeal in forma pauperis conditioned on appellant Phillips' reimbursing the United States in the event of an unsuccessful appeal.

Ida Phillips, the appellant, submitted an application for employment with the appellee, Martin Marietta Corporation, for the position of Assembly Trainee pursuant to an advertisement in a local newspaper. When Mrs. Phillips submitted her application in an effort to gain employment, an employee of Martin Marietta Corporation indicated that female applicants with "pre-school age children" were not being considered for employment in the position of Assembly Trainee. However, males with "pre-school age children" were being considered. A charge was thereafter filed with the Equal Employment Opportunity Commission alleging that plaintiff-appellant's rights under Title VII of the Civil Rights Act of 1964,[1] had been violated. The Commission found reasonable cause to believe that defendant Martin Marietta Corporation had discriminated on the basis of sex, and plaintiff filed a class suit in the District Court.

The District Court granted a motion to strike that portion of the complaint which alleged that discrimination against women with pre-school age children violated the statute, and it refused to permit the case to proceed as a class action. The complaint was not dismissed, however, and it was left open to plaintiff to submit evidence to prove her general allegation that she had been discriminated against because of her sex.

Defendant then moved for summary judgment, supported by an uncontroverted showing that, while 70 to 75 percent of those who applied for this position were women, 75 to 80 percent of those holding the positions were women. Defendant claimed that this established that there was no discrimination against women in general, or against plaintiff in particular. The Court granted the motion on the ground that there were no material issues of fact which would support a conclusion of discrimination on the basis of sex.

The primal issue presented for consideration is whether the refusal to employ women with pre-school age children is an apparent violation of the 1964 Civil Rights Act's proscription of discrimination based on "sex". The pertinent portion of the Act, 42 U.S.C. 2000e–2, reads as follows:

(a) It shall be unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin.

The defendants do not choose to rely on the "bona fide occupational qualification" section of the Act,[2] but, instead,

* Judge Carl McGowan of the District of Columbia Circuit, sitting by designation.

1. 42 U.S.C. § 2000e et seq.

2. 42 U.S.C. § 2000e–2(e):
*Unlawful employment practices—Employer practices. Businesses or enterprises* *with personnel qualified on basis of religion, sex, or national origin; educational institutions with personnel of particular religion.*
(e) Notwithstanding any other provision of this subchapter, (1) it shall not be an unlawful employment practice for an employer to hire and employ employ-

defend on the premise that their established standard of not hiring women with pre-school age children is not per se discrimination on the basis of "sex".

The question that confronts us is a novel one upon which the courts have been asked to rule only on a few occasions. However, none of the cases reviewed by this Court deal with the specific issue presented here. In the case of Cooper v. Delta Airlines, Inc., 274 F. Supp. 781 (E.D.La., 1967), appeal dismissed, No. 25,698, 5 Cir., Sept. 1968 the District Court held that an airlines hostess who is fired because she was married has not been discriminated against on the basis of sex. However, Delta did not consider men for the positions in question, and therefore, unlike the case sub judice, the discrimination was between different categories of the same sex. Recently the Fifth Circuit was called upon to review a problem of a kindred nature in Weeks v. Southern Bell Telephone & Telegraph Co., 5 Cir., 1969, 408 F.2d 228. However, that case is inapposite to the case at bar in that the defendant in Weeks, supra, established its defense on the "bona fide occupational qualification", rather than relying solely on 42 U.S.C. 2000e–2(a) (1).

■ The position taken by the Equal Employment Opportunity Commission is that where an otherwise valid criterion is applied solely to one sex, then it automatically becomes a per se violation of the Act. In its argument, the defendant outlines the proposal that before a criterion which is not forbidden can be said to violate the Act, the court must be presented some evidence on which it can make a determination that women as a group were treated unfavorably, or that the applicant herself was singled out because she was a woman. However, neither litigant is able to present substantive support for its theory. Both cite selected sections from the congressional history of the bill; however, a perusal of the record in Congress will reveal that the word "sex" was added to the bill only at the last moment and no helpful discussion is present from which to glean the intent of Congress. To buttress its position, the Commission cites to its own regulations; however, it is well established administrative law that the construction put on a statute by an agency charged with administering it is entitled to deference by the courts, but the courts are the final authorities on issues of statutory construction. Volkswagenwerk Aktiengesellschaft v. FMC, 390 U.S. 261, 88 S.Ct. 929, 19 L.Ed.2d 1090 (1968).

■ We are of the opinion that the words of the statute are the best source from which to derive the proper construction. The statute proscribes discrimination based on an individual's race, color, religion, sex or national origin. A per se violation of the Act can only be discrimination based solely on one of the categories i. e., in the case of sex; women vis-a-vis men. When an-

ees, for an employment agency to classify, or refer for employment any individual, for a labor organization to classify its membership or to classify or refer for employment any individual, or for an employer, labor organization, or joint labor-management committee controlling apprenticeship or other training or retraining programs to admit or employ any individual in any such program, on the basis of his religion, sex, or national origin in those certain instances where religion, sex, or national origin is a bona fide occupational qualification reasonably necessary to the normal operation of that particular business or enterprise, and (2) it shall not be an unlawful employment practice for a school, college, university, or other educational institution or institution of learning to hire and employ employees of a particular religion if such school, college, university, or other educational institution or institution of learning is, in whole or in substantial part, owned, supported, controlled, or managed by a particular religion or by a particular religious corporation, association, or society, or if the curriculum of such school, college, university, or other educational institution or institution of learning is directed toward the propagation of a particular religion.

other criterion of employment is added to one of the classifications listed in the Act, there is no longer apparent discrimination based solely on race, color, religion, sex or national origin. It becomes the function of the courts to study the conditioning of employment on one of the elements outlined in the statute coupled with the additional requirement, and to determine if any individual or group is being denied work due to his race, color, religion, sex or national origin. As was acknowledged in *Cooper*, supra, 42 U.S.C. 2000e–2(a) does not prohibit discrimination on any classification except those named within the Act itself.[3] Therefore, once the employer has proved that he does not discriminate against the protected groups, he is free thereafter to operate his business as he determines, hiring and dismissing other groups for any reason he desires. However, it is the duty of the employer to produce information to substantiate his defense of nondiscrimination. It is emphasized that this issue does not concern the bona fide occupational qualification under which discrimination is admitted by the employer while alleging that such discrimination was justified.

■ As to the case *sub judice*, as assembly trainee, among other disqualifications, cannot be a woman with pre-school age children. The evidence presented in the trial court is quite convincing that no discrimination against women as a whole or the appellant individually was practiced by Martin Marietta. The discrimination was based on a two-pronged qualification, i. e., a woman with pre-school age children. Ida Phillips was not refused employment because she was a woman nor because she had pre-school age children. It is the coalescence of these two elements that denied her the position she desired. In view of the above, we are convinced that the judgment of the District Court was proper, and we therefore affirm.

Decision in this case ultimately turns, of course, upon the reach of the Congressional intention underlying the statutory prohibition of discrimination in employment based upon sex. Where an employer, as here, differentiates between men with pre-school age children, on the one hand, and women with pre-school age children, on the other, there is arguably an apparent discrimination founded upon sex. It is possible that the Congressional scheme for the handling of a situation of this kind was to give the employer an opportunity to justify this seeming difference in treatment under the "bona fide employment disqualification" provision of the statute.

The Commission, however, in its appearance before us has rejected this possible reading of the statute. It has left us, if the prohibition is to be given any effect at all in this instance, only with the alternative of a Congressional intent to exclude absolutely any consideration of the differences between the normal relationships of working fathers and working mothers to their pre-school age children, and to require that an employer treat the two exactly alike in the administration of its general hiring policies. If this is the only permissible view of Congressional intention available to us, as distinct from concluding that the seeming discrimination here involved was not founded upon "sex" as Congress intended that term to be understood, we have no hesitation in choosing the latter. The common experience of Congressmen is surely not so far removed from that of mankind in general as to warrant our attributing to them such an irrational purpose in the formulation of this statute.

■ In conclusion, we address ourselves to the condition attached to the *in forma pauperis* grant. Once the District Court has determined that the application to proceed in forma pauperis is meritorious, the discretion of the Court

---

3. "The discrimination lies in the fact that the plaintiff is married—and the law does not prevent discrimination against married people in favor of the single ones." Cooper v. Delta Air Lines, Inc., 274 F. Supp. 781 (1967).

is closed and the application should be granted. Title 28, U.S.C.A. § 1915; Williford v. People of State of California, 329 F.2d 47 (9 Cir., 1964). The condition that appellant Phillips must reimburse the United States in the event of an unsuccessful appeal is hereby removed from the grant to proceed in forma pauperis.

Affirmed.