**Marian Celeste LANSDALE, Plaintiff-Appellant,**

v.

**AIR LINE PILOTS ASSOCIATION INTERNATIONAL, Defendant-Appellee.**

No. 29410.

United States Court of Appeals, Fifth Circuit.

Aug. 13, 1970.

———◆———

Richard Bivins Lansdale, Naples, Fla., for plaintiff-appellant.

Wyatt Johnson, Miami, Fla., for defendant-appellee.

Stanely P. Hebert, Gen. Counsel, Russell Specter, Deputy Gen. Counsel, David M. Cashdan, Lutz Alexander Prager, Attys., Equal Employment Opportunity Comm., Washington, D. C., amicus curiae.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

This is a sex discrimination case brought under Title VII of the Civil Rights Act of 1964[1] against a labor organization. The district court dismissed the complaint. We reverse.[2]

The district court ruled that as a matter of law the Civil Rights Act did not prohibit a union from causing an airline employer to permit male flight cabin attendants to marry while denying the same privilege to female attendants. No authority for this conclusion is cited by the court. Phillips v. Martin Marietta Corp., 411 F.2d 1 (5th Cir. 1969) does not supply this deficit. Appellee did not file a brief so we are without the benefit of argument to support the district court's position. The bare ruling of the district court would permit discrimination by sex without the requisite finding which must support such a conclusion—that the same is a "bona fide occupational qualification" under 42 U.S.C.A. § 2000e–2(e) (1970). The district court further concluded as a matter of law that the complaint failed to state a claim upon which relief could be granted. The portions of the dismissed complaint which show it should have survived the motion to dismiss are:

"5. Defendant, ALPA, was the bargaining agent [for plaintiff and others] and intentionally caused the following described Agreements to be entered into between United Air Lines, Inc. and the air line stewardesses and flight stewards in the employ of United, one of whom is the plaintiff in this case: [list of agreements omitted].

"6. Said Agreements are unlawful employment practices under the terms of said Civil Rights Act in that said agreements aided, abetted, condoned and caused the unlawful employment practice of applying a different standard of compensation, condition of employment between its female flight cabin attendants and its male flight cabin attendings [sic] and other employees."

Such language is sufficient to charge violations of 42 U.S.C.A. § 2000e–2(a) and (c) (1970). Rule 8(a), Fed.R.Civ.P. Cf. Pred v. Board of Public Instruction, 415 F.2d 851 (5th Cir. 1969).

Reversed and remanded.

---

1. 42 U.S.C.A. § 2000e (1970), et seq.

2. Pursuant to our Rule 18, this case is decided without oral argument.