John S. DONOHUE, Plaintiff,

v.

SHOE CORPORATION OF AMERICA, Inc., and Retail Clerks Union, Local 324, Defendants.

Civ. No. 71–2583.

United States District Court, C. D. California.

Feb. 18, 1972.

Earle Tockman, Anderson, Litt, Lund & Tockman, Los Angeles, Cal., for plaintiff.

Leonard M. Amato, Iverson, Yoakum, Papiano & Hatch, Los Angeles, Cal., for defendant Shoe Corp. of America, Inc.

Robert W. Gilbert, Gilbert & Nissen, Beverly Hills, Cal., for defendant Retail Clerks Union, Local 324.

MEMORANDUM AND ORDER GRANTING THE MOTION TO DISMISS AS TO DEFENDANT RETAIL CLERKS UNION, LOCAL 324, AND DENYING THE MOTION AS TO DEFENDANT SHOE CORPORATION OF AMERICA, INC.

PREGERSON, District Judge.

Plaintiff, a former retail shoe salesman, has brought this suit under § 706(e) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e), alleging that his former employer, Shoe Corporation, discharged him because of the length of his hair and that his former collective bargaining representative, Local 324, failed to pursue available grievance procedures. Because the employer allegedly permits its female employees to wear long hair, plaintiff contends that his termination violated § 703(a) of the Act, 42 U.S.C. § 2000e–2(a), which prohibits employers from discriminating between employees or between applicants for employment on the basis of sex. Plaintiff seeks reinstatement and back pay for himself and the other members of his class, an injunction, attorney's fees, and exemplary damages. Both defendants have moved to dismss the complaint, pursuant to Rule 12(b), F.R.Civ.P., and plaintiff has consented to dismissal of the complaint, with prejudice, insofar as it applies to the union. The employer's motion, however, remains before the Court. The employer argues, first, that plaintiff failed to follow the procedural prerequisites set forth in § 706(b) of the Act and, second, that plaintiff's averments do not plead a violation of § 703(a).

1. Before an aggrieved party may bring a civil action in a district court under § 706(e) of the Civil Rights Act, he must file a charge with the Equal Employment Opportunity Commission so that that agency can investigate the charge and attempt to resolve the underlying dispute through conciliation. Section 706(b) of the Act also requires an aggrieved party, before filing a charge with the EEOC, to complain to whatever state or local agency is authorized "to grant or seek relief from such [unlawful employment] practice or to institute criminal proceedings with re-

spect thereto." California's Fair Employment Practice Commission has authority, pursuant to California Labor Code §§ 1410–1433, to investigate and remedy discriminatory employment practices. In September 1970, however, when plaintiff filed his charge with the EEOC, the FEPC did not have authority to investigate and remedy acts of discrimination based on sex: it was not until November 1970 that discrimination based on sex became an unfair employment practice under § 1419(f) of the Labor Code. Calif.Stats.1970, c. 1508, p. 2994, § 3. Therefore the Civil Rights Act of 1964 did not require plaintiff to complain to the FEPC before turning to the EEOC.

2. The Civil Rights Act of 1964 "requires that persons of like qualifications be given employment opportunities irrespective of their sex." Phillips v. Martin Marietta Corp., 400 U.S. 542, 544, 91 S.Ct. 496, 497–498, 27 L. Ed.2d 613 (1971). Unless sex is a bona fide occupational qualification for the job in question—a category established by § 703(e)—the Act forbids employers to refuse to hire or retain employees "based on stereotyped characterizations of the sexes." Id., 400 U.S. at 545, 91 S.Ct. at 498 (Marshall, J., concurring); see also Sprogis v. United Air Lines, Inc., 444 F.2d 1194, 1198 (7th Cir. 1971). The application of a hiring or retention standard to one sex but not to the other violates the Act. See Phillips v. Martin Marietta Corp., supra; Sprogis v. United Air Lines, Inc., supra. Therefore the EEOC has determined that the refusal to hire a male because of the length of his hair, when women who wear their hair at a similar length are hired, constitutes a violation of § 703(a). Decision No. 71–1529, 1 CCH Employment Practices Guide ¶ 6231 (April 2, 1971). This interpretation of the Act by the EEOC is entitled to great deference by the courts, as is the inter-

pretation of any federal statute by the agency entrusted with the administration of that statute. Griggs v. Duke Power Co., 401 U.S. 424, 433–434, 91 S. Ct. 849, 855, 28 L.Ed.2d 158 (1971). The employer's contention that it was entitled to require plaintiff to wear his hair short because plaintiff's job as a salesman required constant contact with the public is really a contention that short hair is a bona fide occupational qualification. That contention is irrelevant on a motion to dismiss the complaint, because the exception in § 703(e) for bona fide occupational qualifications must be pleaded and proved by the employer as a defense. In addition, the EEOC has defined the exception very narrowly, excluding from it "the preferences of * * * clients or customers." 20 C.F.R. §§ 1604.1(a) (1) (iii) and (a) (2); see also Phillips v. Martin Marietta Corp., supra, 400 U.S. at 545–547, 91 S.Ct. at 498–499 (Marshall, J., concurring). That interpretation of the Act by the EEOC is also entitled to great deference. Griggs v. Duke Power Co., supra. The Court concludes, therefore, that the complaint herein alleges a *prima facie* violation of § 703(a). In our society we too often form opinions of people on the basis of skin color, religion, national origin, style of dress, hair length, and other superficial features. That tendency to stereotype people is at the root of some of the social ills that afflict the country, and in adopting the Civil Rights Act of 1964, Congress intended to attack these stereotyped characterizations so that people would be judged by their intrinsic worth.

IT IS ORDERED that the motion to dismiss is granted, with prejudice, insofar as the complaint applies to the defendant Retail Clerks Union, Local 324.

IT IS FURTHER ORDERED that the motion to dismiss is denied insofar as the complaint applies to the defendant Shoe Corporation of America.