**Bob W. RAFFORD, Jr., et al., Plaintiffs,**

**v.**

**RANDLE EASTERN AMBULANCE SERVICE, INC., a Florida corporation, Defendant.**

**Civ. No. 72–511.**

United States District Court, S. D. Florida, Miami Division.

Sept. 18, 1972.

Jack P. Attias, of Bretan, Marks, Attias & Raskin, Miami, Fla., for plaintiffs.

Robert L. Floyd, of Frates, Floyd, Pearson, Stewart, Proenza & Richman, Miami, Fla., for defendant.

## MEMORANDUM OPINION

ATKINS, District Judge.

This Title VII case came before the Court for a non-jury trial on plaintiffs' complaint charging the defendant employer with discharging and discriminating against the plaintiffs because of their sex, allegedly in violation of 42 U. S.C. § 2000e–2(a)(1). By order entered May 25, 1972, I dismissed the complaints of two plaintiffs who had alleged only that they had been discharged when they refused to shave their beards and moustaches, as these allegations failed to state a claim for sex discrimination upon which relief could be granted. These plaintiffs then amended their complaint to allege, as plaintiffs De La Riva and Rafford had alleged in their initial complaint, that they were discharged because they refused to cut their hair.

Plaintiffs' contention is that, since defendant's female employees were permit-

ted to wear their hair at any length they desired, the alleged hair length requirements for males constituted discrimination because of their sex. The defense relied upon by the employer is made clear in a February 28, 1972 letter from defense counsel to an EEOC investigator, which is attached to the complaint as Exhibit A. Although the defendant has always maintained a policy against the growth of beards or moustaches, it asserts that it has never attempted to regulate the length of its employees' hair—male or female.

The evidence clearly establishes that, although some of the plaintiffs received periodic cautions regarding their hair, the concern of defendant's management was with neatness rather than length. These admonitions were compelled by the provision in defendant's operating manual that "While on duty, employees will present a neat, clean appearance, paying particular attention to the following: a. Clean shaven, b. Hair properly trimmed ·and combed." Testimony reflects that plaintiffs were generally warned concerning the "shagginess" of their hair. Until December of 1971, plaintiffs always cut their hair when asked to do so.

Randle Eastern Ambulance had, however, no policy concerning hair length. Plaintiffs were not discharged until January 10, 1972 when they reported to work unshaven and refused to shave off their beards and moustaches. This conduct occurred after a gathering at which plaintiffs had discussed this course of conduct and agreed not to remove their factual growth.

For the reasons detailed in my May 25, 1972 order, which is attached as an appendix to this opinion, I again hold that dismissal of male employees based upon their refusal to remove beards and moustaches is not sex-based discrimination proscribed by Title VII of the Civil Rights Act of 1964. This was the reason for plaintiffs' discharge. Accordingly this case is controlled by 42 U.S.C.

§ 2000e–5(g), which provides in pertinent part that:

> No order of the court shall require . . . the hiring, reinstatement, or promotion of an individual as an employee, or the payment to him of any back pay, if such individual . . . was suspended or discharged for any reason other than discrimination on account of race, color, religion, sex or national origin . . . .

Although the plaintiffs at the pretrial conference and in the pretrial stipulation assumed the burden of establishing that the defendant discriminated against the plaintiffs and discharged them *solely* on the basis of their sex, I have not held plaintiffs to that burden. Instead, I have examined the evidence as a whole to determine whether plaintiffs have shown by a preponderance of the evidence that proscribed sex discrimination was the *principal* reason for their discharge. *Accord,* Tidwell v. American Oil Co., 332 F.Supp. 424, 430 (D.Utah, 1971).[1] Applying this "principal reason" test it is apparent that plaintiffs have not established a basis for recovery. The cause of the termination of plaintiffs' employment was their beards and moustaches, not the length of their hair or their refusal to cut their hair. Plaintiffs were never disciplined, discharged, or otherwise discriminated against because of the length of their hair.

In light of the finding that plaintiffs were not discriminated against because of their sex, there is no need to reach the bona fide occupational qualification defense of 42 U.S.C. § 2000e–2(e) relied upon by the defendant alternatively. An appropriate judgment for the defendant has been entered. This opinion shall constitute the Court's findings of fact and conclusions of law in accordance with Rule 52(a), F.R.C.P.

---

1. *See also* Green v. McDonnell-Douglas Corp., 318 F.Supp. 846, 850 (E.D.Mo. 1970) ; Barnes v. Lerner Shops of Texas, Inc., 323 F.Supp. 617, 622 (S.D.Tex., 1971).

## APPENDIX

## ORDER ON MOTION TO DISMISS

THIS CAUSE is before the Court on defendant's motion to dismiss. Of the several arguments made by the defendant, only the Rule 12(b)(6) defense merits discussion.

Several employees of the defendant company brought this action seeking redress of alleged violations of 42 U.S.C. § 2000e–2(a)(1), Title VII of the Civil Rights Act of 1964, which reads in part:

> It shall be an unlawful employment practice for an employer—(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex.

The plaintiffs, all males, were allegedly discharged from their employment because of their facial growth—moustaches or beards. Two of them, De La Riva, Jr., and Rafford, further allege that their refusal to cut their hair contributed to the dismissals. A survey of the law of sex discrimination in employment indicates that the problems of hair length and male facial growth must be treated separately.

Plaintiffs argue that discharge because of a man's failure to cut his hair discriminates against him to the extent that females with equally long hair are allowed to work. This is a simple proposition which seems to comport with the philosophy of the Act and judicial interpretation. Thus the Courts are called upon, by the broad language of an Act of Congress, to delve into what may have been heretofore a matter of personal preference for the employer. Although the legislative history of Title

VII "is in such a confused state that it is of minimal value in its explication," Sanchez v. Standard Brands, Inc., 431 F.2d 455, 460 (5th Cir. 1970), it has been decided that men as well as women are protected from sex-based job discrimination. Diaz v. Pan American World Airways, Inc., 442 F.2d 385 (5th Cir.), cert. denied, 404 U.S. 950, 92 S.Ct. 275, 30 L.Ed.2d 267 (1971).

■ The fundamental principle applicable here is that an employer may not apply a hiring or retention standard to one sex but not the other. In applying this standard, the case sub judice is similar to Phillips v. Martin Marietta Corp., 400 U.S. 542, 91 S.Ct. 496, 27 L.Ed.2d 613 (1971), condemning the refusal to hire women with pre-school age children while similarly situated men were employed, or Sprogis v. United Air Lines, Inc., 444 F.2d 1194 (7th Cir.), cert. denied, 404 U.S. 991, 92 S.Ct. 536, 30 L. Ed.2d 543 (1971), invalidating defendant's rule restricting employment to unmarried stewardesses, where no such rule had been applied to married male flight personnel.

■■ The recent set of opinions concerning school hair length regulations illustrate the difficulty of the determination involved in a constitutional right context. Karr v. Schmidt, 460 F.2d 609 (5th Cir. 1972). No such difficulty exists here, since the dismissal of long haired males can obviously be equated to "refusing to hire an individual based on stereotyped characterizations of the sexes." Phillips v. Martin Marietta Corp., 400 U.S. 542, 545, 91 S.Ct. 496, 498, 27 L.Ed.2d 613 (1971) (Marshall, J. concurring) (citing EEOC Guidelines, 29 CFR § 1604.1(a)(1)(ii)). A preference for short-haired male employees is such a stereotyped characterization, apart from any possible showing of bona fide occupational qualification. One district court has so ruled. Donohue v. Shoe Corporation of America, Inc., 337 F. Supp. 1357 (C.D.Calif.1972). Cf. Roberts v. General Mills, Inc., 337 F.Supp. 1055 (N.D.Ohio 1971). The Equal Employment Opportunity Commission has

reached the same conclusion. Decision No. 71–1529, 1 CCH Employment Practices Guide ¶ 6231 (April 2, 1971). See also Decision No. 72–0979 (February 3, 1972). Great deference is given to the Commission's interpretation of Title VII. Griggs v. Duke Power Co., 401 U. S. 424, 434, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971); Diaz v. Pan American World Airways, Inc., supra, 442 F.2d at 389. Therefore the complaint states a valid claim for violation of Title VII by alleging discharge based on hair length.

All the plaintiffs claim that discharge for failure to shave off their facial growth, admittedly a special male characteristic, discriminates against them because of their sex and therefore violates the Civil Rights Act of 1964. Plaintiffs in effect argue that males who do not shave cannot work, while females who do not and need not shave are allowed to work. Such an argument has a reductio ad absurdum appeal: Since women normally cannot grow beards and moustaches, the firing of men with such features necessarily discriminates against the men because they are men and are able to grow beards, i. e., because of their sex. I cannot, however, subscribe to such an interpretation of the Act.

Virtually all Title VII violations fit an equal protection definition of sex discrimination—dissimilar treatment for similarly situated men and women, where the treatment is based on sex. Reed v. Reed, 404 U.S. 71, 77, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). See, e. g., Bowe v. Colgate-Palmolive Co., 416 F.2d 711 (7th Cir. 1969); Weeks v. Southern Bell Tel. & Tel. Co., 408 F.2d 228 (5th Cir. 1969) (weight-lifting requirements); Sprogis v. United, supra; Phillips v. Martin Marietta Corp., supra. Here, however, the Court is presented with a case where there can be no similarly situated members of the opposite sex. An analogy, for which there is some precedent, posits the discharge of a pregnant woman.

■■ It has been held that a company's policy of terminating the employ-

ment of pregnant females violated the Act because it involved termination based on "a condition attendant to their sex." Schattman v. Texas Employment Commission, 330 F.Supp. 328 (W.D. Tex.1971), rev'd on other grounds, 459 F.2d 32 (5th Cir. 1972). I respectfully disagree with such an expansive reading of Title VII. The discharge of pregnant women or bearded men does not violate the Civil Rights Act of 1964 simply because only women become pregnant and only men grow beards. In neither instance are similarly situated persons of the opposite sex favored. These cases are perhaps more properly considered under the rubric of Cooper v. Delta Air Lines, Inc., 274 F.Supp. 781 (E.D.La. 1967), that discrimination between different categories of the same sex is not unlawful discrimination by sex. This is a case of discrimination in favor of men who shave off their beards and moustaches. It does not involve proscribed sex discrimination.

Accordingly, it is ordered and adjudged that the motion to dismiss for failure to state a claim is granted as to the complaint of plaintiffs Goerg and Dailey who may file any amended complaint within ten (10) days. Said motion is denied as to the complaint of plaintiffs Rafford and De La Riva, Jr. Defendant shall file its answer to the latter complaint within ten (10) days from the entry of this order.