**Walter C. MASSEY, Plaintiff,**

v.

**ILLINOIS RANGE COMPANY, an Illinois corporation, and Sheet Metal Workers International Association, Local 115, Defendants.**

**No. 71 C 2473.**

United States District Court,
N. D. Illinois.
May 17, 1973.

Douglas W. Babych of DiMonte & Lizak, Chicago, Ill., for plaintiff.

Sheldon M. Charone of Carmel & Charone, Chicago, Ill., for defendant Sheet Metal Workers Union.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the motion of defendant Sheet Metal Workers International Association, Local Union No. 115 ("Union") to dismiss the complaint.

This is an action to redress an alleged deprivation of the plaintiff's civil rights to equal employment opportunities pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 1870, 42 U.S.C. § 1981. This Court is alleged to have jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1343(4), 2201 and 2202 and 42 U.S.C. § 2000e–5(f).

The plaintiff, Walter C. Massey, is an American Indian, a United States citizen and a resident of Chicago, Illinois. The defendant Illinois Range Company ("Employer") employed the plaintiff at the time of the alleged discrimination and is an employer within the meaning of 42 U.S.C. § 2000e(b). The defendant Union is a labor organization within the meaning of 42 U.S.C. § 2000e(d) and (e).

The plaintiff in his complaint alleges *inter alia* the following facts:

1. On October 28, 1963, plaintiff was hired by the defendant company. At various times during the course of his employment, plaintiff was harassed, intimidated and ridiculed by certain co-workers.

2. On or about November 28, 1968 plaintiff filed a racial discrimination charge against defendant company, based on the abovementioned actions of his co-workers. This charge was subsequently withdrawn by the plaintiff after supervisors of defendant company assured plaintiff that the harassment by his co-workers would be stopped.

3. On or about May 31, 1970 the labor agreement between the defend-

company. On or about June 9, ant company and the defendant union expired resulting in a strike by the employees of the defendant 1970, plaintiff left Chicago for his birthplace of Pelliston, Michigan, at which time he made arrangements to call defendant union's steward Grayson every four days.

4. The plaintiff telephoned Mr. Grayson on June 25, 1970 and was informed that the strike had been settled and that the employees had rturned to work on June 24, 1970. On June 26, 1970 plaintiff telephoned defendant company and was informed by the plant superintendent that his employment had been terminated. The termination of the plaintiff's employment was based solely on plaintiff's being an American Indian and plaintiff's previous filing of a discrimination charge against the defendant Employer. The defendant Union acquiesced and joined with the defendant Employer in the unlawful and discriminatory acts in that, contrary to its duty and obligations to plaintiff as a member of the Union and though requested by the plaintiff, the Union failed to aid plaintiff and discouraged plaintiff from filing a grievance against defendant Employer and refused to provide plaintiff with the representation to which he was entitled pursuant to the Civil Rights Act of 1964.

5. On July 6, 1970 and within ninety days of the alleged discriminatory acts, the plaintiff filed written charges under oath with the Equal Opportunity Commission, alleging denial by the defendants of his rights under Title VII of the Civil Rights Act of 1964. On or about October 13, 1971 plaintiff was notified by the EEOC that he was entitled to institute a civil action in the U. S. District Court against the defendant. The plaintiff instituted the instant action within 30 days after the receipt of such notice.

The plaintiff seeks to restrain the defendants from discriminating against him and to recover compensatory and punitive damages, appropriate payment of back wages, and the cost of maintaining this action.

The defendant Union in support of its motion to dismiss contends:

1. Plaintiff has failed to allege a violation of 42 U.S.C. § 2000(e)–2(c) [§ 2000e–2(c)].

2. Plaintiff has failed to allege a violation of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

3. Plaintiff has failed to exhaust his intra-union remedies and has no standing to commence this action.

4. Plaintiff's complaint has been rendered moot.

The plaintiff in opposition to the instant motion contends that the motion is without merit.

It is the opinion of this Court that the plaintiff has adequately stated a cause of action against the Union and that the instant complaint is not moot merely because the Union is *now* willing to arbitrate the plaintiff's grievance.

I. THE PLAINTIFF HAS ADEQUATELY STATED A CAUSE OF ACTION UNDER 42 U.S.C. § 2000e–2(c).

It is well settled that a complaint brought pursuant to the Civil Rights Act of 1964 should be accorded a liberal interpretation in order to effectuate the purpose of Congress of eliminating the inconvenience, unfairness, and humiliation of ethnic discrimination. Rogers v. Equal Employment Opportunity Commission, 454 F.2d 234 (5th Cir. 1971), cert. denied, 406 U.S. 957, 92 S.Ct. 2058, 32 L.Ed.2d 343 (1972); Parham v. Southwestern Bell Telephone Co., 433 F. 2d 421 (8th Cir. 1970); Green v. McDonnell-Douglas Corp., 318 F.Supp. 846 (E.D.Mo.1970); United States v. Medi-

cal Society of South Carolina, 298 F. Supp. 145 (D.C.S.C.1969).

The Civil Rights Act of 1964 in relevant part, 42 U.S.C. § 2000e–2(c)(1) provides:

"It shall be an unlawful employment practice for a labor organization—

(1) to exclude or to expel from its membership or otherwise to discriminate against any individual because of his race, color, religion, sex or national origin."

It is clear that the Act does not purport to recite a list of each and every type of discriminatory act, to the exclusion of those not listed. The Act, quite simply, is intended to eliminate discriminatory actions based on race by labor organizations.

■ The plaintiff in his complaint alleges a cause of action based on the Union's acquiescence in the discriminatory acts of the defendant Employer, contrary to the Union's duty and obligations; the failure of the Union to aid the plaintiff in filing a grievance against the defendant Employer; and the denial by the Union of adequate representation to plaintiff.

It is the opinion of this Court that the plaintiff has adequately stated a cause of action pursuant to 42 U.S.C. § 2000e–2(c)(1) in that the plaintiff has alleged that defendant Union discriminated against him because of his race in refusing to perform its duty as to the filing of his grievance and adequately representing him. See Rogers v. Equal Employment Opportunity Commission, *supra*; Lansdale v. Air Line Pilots Association International, 430 F.2d 1341 (5th Cir. 1970); Donohue v. Shoe Corp. of America, 337 F.Supp. 1357 (C.D.Cal. 1972). Regardless of whether the plaintiff will eventually prevail on the merits, the plaintiff, in his complaint, sufficiently alleges a cause of action against the Union and thus the defendant's motion to dismiss should be denied.

■ It is clear, contrary to the contention of the defendant, that under the Civil Rights Act of 1964 a plaintiff is not required to allege a violation of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, in order to maintain an action against a defendant union.

Further, the defendant's contention that the plaintiff has no standing to commence this action since he has failed to exhaust his intra-union remedies is without merit. The thrust of plaintiff's allegation of discrimination is precisely a denial of proper access to the intra-union remedies and inadequate representation by the Union.

## II. THE INSTANT COMPLAINT IS NOT MOOT

■ The defendant Union contends that the instant complaint is moot because the Union is now willing to arbitrate the plaintiff's grievance. The instant complaint is clearly not moot.

The plaintiff's cause of action is based on racial discrimination caused by the Union's failure to file his grievance and its inadequate representation of his grievance. Arbitration at this late date cannot cure the alleged discrimination nor can it provide the full relief requested by the plaintiff in the instant action.

Such a voluntary offer as the defendant has made cannot moot the questions presented in a civil rights action based on employment discrimination. See Rowe v. General Motors Corp., 457 F.2d 348 (5th Cir. 1972); Johnson v. Pike Corp. of America, 332 F.Supp. 490 (C.D. Cal.1971).

Accordingly, it is hereby ordered that the defendant Union's motion to dismiss the complaint against it is denied.