Judith GODWIN, Individually and on behalf of all other persons similarly situated, Plaintiff,

v.

Woodfin PATTERSON, Individually and as President of Jefferson Davis State Junior College, et al., Defendants.

Civ. A. No. 3993–N.

United States District Court,
M. D. Alabama, N. D.

Sept. 5, 1973.

J. Victor Price, Jr., Montgomery, Ala., for plaintiff.

T. W. Thagard, Jr., Smith, Bowman, Thagard, Crook & Culpepper, Montgomery, Ala., Lee Otts, Otts & Moore, Brewton, Ala., for defendants.

## ORDER

VARNER, District Judge.

This is another attack on a State Board's policy regarding maternity leave whereby the Plaintiff seeks to have the policy declared discriminatory because of her sex and, therefore, unconstitu-

tional as violative of the Equal Protection Clause of the Constitution and 42 U.S.C. § 2000e and § 1983. Jurisdiction is claimed pursuant to Title 28, U.S.C. § 1331. Defendants have moved for summary judgment under Federal Rules of Civil Procedure, Rule 56, and the cause is submitted on that motion, Plaintiff's traverse and affidavits and depositions on file.

Mrs. Godwin contends that she was terminated from her teaching job at a state junior college because she asked for maternity leave and that, thereby, she was discriminated against because she was a woman.

The Defendants contend that Mrs. Godwin was actually terminated because she had failed to attain proficiency in sociology by having taken eighteen graduate hours credit therein so as to attain the proficiency required by the Southern Association. They say she had never attained tenure and could have been terminated at any time without cause.

If, in fact, Mrs. Godwin was terminated for reasons other than those associated with her request for maternity leave, she would have no standing to contest the maternity leave policy in question, and this cause should be dismissed. Within the purview of Rule 56, Plaintiff's standing involves a material question of fact demanding a hearing unless undenied factors before the Court indicate that Plaintiff is, in any event, not entitled to relief.

The Defendants have moved to continue this case to await a determination by the Supreme Court of cases now being reviewed by that Court. See 42 U. S.L.W. 3005. This Court, however, is aware of the urgency attending this suit in that a teacher is ready to work, a new term is beginning, and all parties need to know their rights. It appears to this Court that the Supreme Court may, indeed, alter the rules heretofore adopted by the Fifth Circuit, but it is extremely doubtful that the cases now before the Supreme Court will necessarily decide the questions pending in the instant case. This Court is, therefore, of the opinion that the motion for continuance filed by the Defendants should be, and the same is hereby ordered, denied.

Since this matter is submitted on motion for summary judgment, it is appropriate to review the particular facts to determine the materiality of those facts still in issue.

There is no question of fact about Plaintiff's allegations that she sought maternity leave, withdrew it upon her miscarriage, and was subsequently discharged. There is also no question that, at the time of her termination, she was not a tenured teacher because she did not possess the minimum degree requirements as set forth by the Southern Association. The fact is admitted that, prior to May 29, 1972, the Defendants had notified Mrs. Godwin that, if she expected to continue teaching sociology, she must acquire eighteen graduate semester hours in sociology and that on May 29, 1972, Mrs. Godwin, not only requested maternity leave beginning January, 1973, but she also notified the Defendants that she would be unable to take the additional course work in sociology and requested that she be allowed to continue as a part-time instructor in psychology in the fall of 1972. On May 30, 1972, her request to continue as a part-time instructor for the fall term of 1972 was granted, but no further communication was transmitted relative to her request for maternity leave until August 14, 1972, when Mrs. Godwin notified Defendants that she withdrew her request for maternity leave as she had miscarried, and on August 16, 1972, Mrs. Godwin was notified by the Defendants that, in reliance upon her announced unavailability, a teacher had been employed to fill her position in both psychology and sociology in January, 1973, and that her job would be terminated unless sufficient students registered to justify two teachers. On December 14, 1972, Defendants notified Mrs. Godwin that not enough such students had registered, implying that her job was terminated.

■ If this case may be disposed of without a hearing, the parties will be far better off by disposition thereof prior to the commencement of the next term of school. The questions before the Supreme Court and the questions decided by many cases heretofore seem to relate primarily to whether maternity leave as to the date of beginning and the date of ending may be fixed at the discretion of the administration or whether it must be fixed at the discretion of the applicant. Mrs. Godwin, not having been forced to take maternity leave at any time, has no standing to question the timeliness thereof, though she may, and does, question her right not to be discharged because she requested maternity leave. She insists that the State policy is that maternity leaves be denied so that applicants therefor are forced to resign and that this policy violates 42 U.S.C. § 2000e—2(a).[1]

This Court is not concerned with whether or not Plaintiff was a tenure teacher because that matter would be decided under the law of the State of Alabama and this Court is concerned only with her constitutional rights and with violation of 42 U.S.C. § 2000e or § 1983.

This Court is of the opinion that, under the law recognized in the Fifth Circuit, the facts of this case are not materially in conflict because, if Mrs. Godwin was fired because she was pregnant or because she said she was pregnant or because she sought maternity leave, Mrs. Godwin, other than because of her sex, was in a different class from those treated differently from her. Because of her pregnancy (not her sex), she could reasonably have been expected to be unavailable for a continuation of her duties as a school teacher at a reasonably foreseeable time.

■ In Schattman v. Texas Employment Commission, 5 Cir., 459 F.2d 32, the Court held that Mrs. Schattman, whose employment was terminated two months prior to her expected delivery date, had no right to continued employment by the State of Texas because the right to determine the time of the beginning of her maternity leave was reasonably related to the best interest of the State of Texas. In Cooper v. Delta Airlines, Inc., 274 F.Supp. 781 (La. 1967), an airlines hostess, fired because she was married, was held not to have been discriminated against because of her sex though Delta employed no male steward. In Phillips v. Martin Marietta Corp., 5 Cir., 411 F.2d 1, the Court held that the refusal to employ women with preschool-age children was not an unconstitutional sexual discrimination as this involved a classification based on a "two-pronged qualification", (1) that the applicant had preschool children and (2) that the applicant was a woman. The Court recognized that Congress might recognize a difference between the normal relationships of working fathers and working mothers to their preschool-age children so as to give the employer an opportunity to justify this seeming difference in treatment under the " 'bona fide employment disqualification' provision of the statute" (at p. 4). In this circuit, if the classification is based on some reasonable quality other than sex, the classification is not sexually discriminatory, though that quality may be possessed only by persons of the female sex.

In considering the claimed violation of equal protection of the Plaintiff, we find it unnecessary to compare Plaintiff's claim of equal protection under the Fourteenth Amendment with the State's rights secured by the Tenth Amendment. However, we note, in passing, the State's interests as follows: The urgency of the State's furnishing quality education, the need of continuity of planned programs in education and that they be interrupted at a minimum, the hazards of substitute or temporary instructorships, the

1. 42 U.S.C. § 2000e—2(a) is, in part, as follows: "It shall be an unlawful employment practice for an employer to * * * discharge any individual * * * because of such individual's * * * sex * * *."

problems of finding qualified instructors on a temporary basis, and the effect on those employed on a temporary basis of the knowledge that their tenure is necessarily limited. All of these factors weigh heavily in favor of a State's need for determining their own policies in regard to nonemergency-type leaves. The local administrators, with a knowledge of the relevant circumstances pertinent to the available employees at the time and place, are far better equipped to weigh these problems than is this Court, and these problems, in the view of this Court, clearly outweigh the problems of a teacher who, because of her voluntary pregnancy, has made it necessary that she be replaced, at least on a temporary basis, during the latter part of such pregnancy. The prime consideration is the best possible education for the children, and this factor must be weighed in any analysis of the rights of others.

The Equal Protection Clause as noted in *Schattman,* supra, does not deny the States the power to treat different classes of persons in different ways. It simply means that the basis of classification must be related to a reasonable objective. It cannot be said that the basis of classifying Mrs. Godwin as terminated is not related to continuity of the program of education, the problems of hazards of substitute and temporary instructorships, the problems of finding duly qualified instructors on a temporary basis, and the problems of letting instructors know that their job security is reasonably permanent once they are employed. A teacher who voluntarily places himself or herself in a physical condition where he or she is unable to meet standards of continuity of education must hazard the results of regulations seeking to insure such continuity.

This Court is, therefore, of the opinion that Mrs. Godwin, if terminated because of pregnancy, was not denied any constitutional right sought to be enforced by the complaint in this cause.

It, therefore, appears that no material fact is at issue in this case and that summary judgment should be granted for the Defendants.