**Joseph DRIPPS**

v.

**UNITED PARCEL SERVICE OF PENN-
SYLVANIA, INC.**

**Civ. A. No. 73–1039.**

United States District Court,
W. D. Pennsylvania.

Sept. 9, 1974.

William S. Hays, Pittsburgh, Pa., for
plaintiff.

Scott F. Zimmerman, Pittsburgh, Pa.,
for defendant.

## OPINION

GOURLEY, Senior District Judge:

This proceeding has been filed and ju-
risdiction exists pursuant to the Civil
Rights Act of 1964, as amended by the
Equal Employment Opportunity Act of
1972, 42 U.S.C.A. § 2000e et seq. A
full and complete non-jury trial has been
conducted. It is plaintiff's contention
that he was subject to sex discrimination
because he was required to shave off his
beard to return to work.

The facts may be briefly stated. It has
been stipulated that plaintiff was employ-
ed by defendant as a body and fender
mechanic. Plaintiff's normal job duties
require him to spend a substantial
amount of time performing welding
work in conjunction with reconditioning
motor vehicles. When plaintiff return-
ed to work on September 7, 1971, after
vacation, he was wearing a beard. Plain-
tiff's supervisor and his division manag-
er instructed him to shave off the beard,
stating that it was a safety hazard and
contrary to company rules governing ap-
pearances of employees in public view.
On December 20, 1971, after shaving off
his beard, plaintiff's suspension was
terminated, and he was permitted to
resume work. During the period of sus-
pension, plaintiff filed both a grievance
under the terms of the collective bar-
gaining agreement under which he work-
ed and a complaint with the Equal Em-
ployment Opportunity Commission. The
grievance was denied, but the charge be-
fore the EEOC resulted in the issuance
of a right to sue letter. Plaintiff there-
after timely filed a complaint in this pro-
ceeding.

In the considered judgment of
the Court, plaintiff was not subject to
any sex discrimination by virtue of being
required to shave his beard. Indeed the
defendant's rule forbidding welders from
wearing beards is a sound, bona fide
occupational qualification based on rea-
sonable concern for safety. The Court
discerns neither an intent to discriminate
nor discrimination in fact. While it is
true that only men can grow beards, it
does not follow that a rule prohibiting
beards amounts to sex discrimination.
Rafford v. Randle Eastern Ambulance
Service, 348 F.Supp. 316 (S.D.Fla.1972).

It is well to note that this con-
clusion is consistent with the decision

of Clair V. Duff, the arbitrator to whom the grievance was submitted. The arbitrator's decision that forbidding the wearing of beards by welders is justified on the basis of safety factors is entitled to great weight. Alexander v. Gardner-Denver Co., 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate Order is entered.

### ORDER

And now, this 9th day of September, 1974, judgment is hereby entered in favor of defendant United Parcel Service of Pennsylvania, Inc., and against plaintiff Joseph Dripps. The proceeding is dismissed with prejudice.