Matter of MERTON E. LEWIS, as Attorney-General of the State of New York, for Leave to Commence an Action against the WOODBURY DENTAL PARLORS COMPANY, a Business Corporation, to Procure a Judgment Vacating Its Charter and Annulling Its Corporate Existence.

(Supreme Court, Albany Special Term, January, 1919.)

Corporations — practice of dentistry — when application to bring an action to vacate and annul the charter of a corporation will be denied — failure to file certain certificates after its organization does not interfere with the rights of a corporation to continue — Public Health Law, § 203, inserted by Laws of 1916, chap. 129.

Section 203 of the Public Health Law, inserted by chapter 129 of the Laws of 1916, prohibits a " person," which, by virtue of section 37 of the General Construction Law, includes a " corporation," from practicing dentistry under a corporate, parlor or trade name. *Held*, that the *proviso* in said section 203 that " legally incorporated dental corporations existing and in operation prior to January first, nineteen hundred and sixteen, may continue so operating while conforming to the provisions of this act. Their advertising subject to the rules of the regents, and employees of said corporations shall be licensed and registered dentists, and corporations that cease to exist or operate for any reason whatsoever, shall not be permitted to resume operation," applies to the " Woodbury Dental Parlors Company," a domestic business corporation incorporated in 1907.

An application by the attorney-general for leave to bring an action to vacate the charter of said corporation and to annul its corporate existence for having exercised a privilege or franchise not conferred upon it by law, in that it practiced dentistry prior to January 1, 1916, or since that date, will be denied as matter of law, there being no suggestion on the part of the state that said corporation was not actively engaged in the practice of dentistry on January 1, 1916, or that it has ceased to exist or operate since that date.

The failure of said corporation to file certain certificates and reports after its organization and no action by the attorney-

general having accomplished the dissolution of the corporation prior to January 1, 1916, did not interfere with the right of the corporation to continue to practice dentistry after said date, as a " legally incorporated dental corporation existing and in operation " prior to that date, as permitted by the statute.

APPLICATION by the attorney-general for leave to bring an action against a business corporation.

Charles D. Newton, attorney-general (G. A. Frank, deputy attorney-general, of counsel), for petitioner.

Robert H. McCormic, for Woodbury Dental Parlors Company.

HINMAN, J.   This is an application by the attorney-general for leave to bring an action against the Woodbury Dental Parlors Company, a business corporation created under the laws of this state, vacating its charter and annulling its corporate existence.  Two of the grounds on which leave is sought are that it has offended against the provisions of the act under which it was created by failing to file a certificate of payment of one-half of its capital stock and also by failing to file annual reports.  Gen. Corp. Law, § 131; Business Corp. Law, § 5; Stock Corp. Law, § 34.

The objects for which the corporation was formed consisted in manufacturing and dealing in dental supplies and carrying on the practice of dentistry.  The attorney-general asks leave to bring an action on the further ground that the corporation has exercised a privilege or franchise not conferred upon it by law in that it practices dentistry.  This appears to be the principal ground of the application.

It has been held that the practice of dentistry by a corporation is unlawful.  *Hannon* v. *Siegel-Cooper Co.* (1901), 167 N. Y. 244.

A corporation cannot lawfully practice medicine. *People* v. *Woodbury Dermatological Institute* (1908), 192 N. Y. 454. Since the language and theory of the statute with reference to the practice of dentistry is similar to that relating to the practice of medicine and in each case the statute prohibits a " person " not registered from practicing the profession, it is significant that in the *Woodbury* case the Court of Appeals held that the term " person " included a corporation.

If anything further were needed to reveal the law of this state with reference to the want of authority of a corporation to practice the profession of dentistry prior to an amendment of 1916 to the Public Health Law, to which reference will hereinafter be made, it is found in the decision of the Court of Appeals in the case of *Matter of Co-operative Law Co.* (1910), 198 N. Y. 479, in which it was held that corporations cannot be lawfully organized for the purpose of practicing law. In that case it was claimed that authority might be found in that part of the Business Corporations Law which provides that " three or more persons may become a stock corporation for any lawful business." Business Corp. Law, § 2. Judge Vann, writing for the court, said (at page 483) : " This means a business lawful to all who wish to engage in it. The practice of law is not a business open to all, but a personal right, limited to a few persons of good moral character, with special qualifications ascertained and certified after a long course of study, both general and professional, and a thorough examination by the state board appointed for the purpose. * * * It is not a lawful business except for members of the bar who have complied with all the conditions required by statute and the rules of the courts. As these conditions cannot be performed by a corporation, it follows that the practice of law is not a lawful business for a cor-

poration to engage in.   As it cannot practice law directly, it cannot indirectly by employing competent lawyers to practice for it, as that would be an evasion which the law will not tolerate.''

And at page 484 of said opinion, Judge Vann said: ''A corporation can neither practice law nor hire lawyers to carry on the business of practicing law for it any more than it can practice medicine or dentistry by hiring doctors or dentists to act for it.   (*People* v. *Woodbury Dermatological Institute,* 192 N. Y. 454; *Hannon* v. *Siegel-Cooper Co.,* 167 N. Y. 244, 246.) The legislature in authorizing the formation of corporations to carry on ' any lawful business ' did not intend to include the work of the learned professions.''

Thus the policy of the state down to that time clearly was to deny a business corporation the right of practicing the professions where special qualifications and licenses are required as a condition permitting the exercise of this right.

In the case of the practice of dentistry, however, effect must be given to an exception which was inserted in the Public Health Law, section 203, by chapter 129 of the Laws of 1916.

Section 203 of the Public Health Law prohibits '' a person '' (which includes a corporation, Gen. Construction Law, § 37) from practicing dentistry under a corporation, parlor or trade name, '' provided that legally incorporated dental corporations existing and in operation prior to January first, nineteen hundred and sixteen, may continue so operating while conforming to the provisions of this act.   Their advertising subject to the rules of the regents, and employees of said corporations shall be licensed and registered dentists, and corporations that cease to exist or operate for any reason whatsoever, shall not be permitted to resume operation.''

6

In the case at bar effect must be given to this proviso. In construing an act of the legislature, we must take the act as a whole, giving effect to each word and harmonizing all of its parts, if possible. Although the effect of the decisions, prior to the enactment of 1916, was that a corporation could not be lawfully organized to practice dentistry, yet in view of the 1916 enactment an exception must be made in a case coming within its plain terms.

It is the contention of the state that the word " legally " should be presumed to mean only such corporations as had lawful authority previous to the enactment of 1916 to engage in the practice of dentistry, and that this could arise only by direct statutory enactment or by implied powers in connection with certain charitable corporations organized under the Membership Corporations Law, such as hospitals and dispensaries.

Counsel, however, fails to call to the attention of the court a single instance of a corporation having been given express statutory authority to practice dentistry, to which the proviso might relate and none seems to have existed at the time of the enactment. And assuming that a hospital, infirmary or dispensary could have been specially incorporated to practice dentistry, under article 7 of the Membership Corporations Law, could the legislature have referred to that class of corporations? If so, the right to incorporate such a hospital, infirmary or dispensary since 1916 has been cut off by an amendment not calculated to convey any such idea. Hospitals and dispensaries do charitable work and must be licensed by the state board of charities. Moreover they do not customarily advertise their business and the dental corporations legalized by the proviso in question are specially required to submit to rules of the regents as to adver-

tising. Surely the corporations referred to are business corporations, not charitable corporations organized under the Membership Corporations Law where the public interests are safeguarded by the requirements that they cannot engage in the work of hospitals or dispensaries without obtaining the approval of the state board of charities and a justice of the Supreme Court.

While no business corporation could be lawfully organized to practice dentistry prior to the passage of chapter 129 of the Laws of 1916, a number of them had undertaken to practice without authority of law and the legislature saw fit to legalize and ratify their organization for that purpose, provided their organization had been effected prior to January 1, 1916, that they were in active operation on that date, which I interpret to mean actively engaged in the practice of dentistry, alive and doing business on that day, and that thereafter they conformed to special provisions of law. Public Health Law, § 203.

" Legally incorporated " as used in that section means that the incorporation was proper as to matters of form. The word " legal " is to be distinguished from the word " lawful." " Legal " refers to matters of form; " lawful " refers to matters of substance. Black's Law Dictionary. In the case of the dental corporation here under consideration, no claim is made that it was not " legally incorporated," although one of the purposes for which it was incorporated was an unlawful corporate purpose. Even this defect could have been eliminated. Gen. Corp. Law, § 7. The corporation existed prior to January 1, 1916, having been incorporated January 22, 1907, and there is no suggestion on the part of the state that it was not actively engaged in the practice of dentistry on January 1, 1916, or that it has ceased to exist or operate since

that date. If the proviso in question does not relate to this corporation, authorizing it to continue to operate, I can conceive of no case to which it would apply. It is my opinion that by its plain terms it does apply to this corporation. If so, the corporation cannot be dissolved for having exercised a privilege or franchise not conferred upon it by law in that it practiced dentistry prior to January 1, 1916, or since that date. Leave to bring an action to dissolve the corporation on that ground is, therefore, denied, not as a matter of discretion but as a matter of law.

Even if the Woodbury Dental Parlors Company had failed to file certain certificates and reports subsequent to incorporation, as required by the statutes; and assuming that the corporation could have been dissolved by suitable action by the attorney-general upon obtaining leave of the court therefor, the answer to the application here for leave to sue on any such ground is that no action by the attorney-general had accomplished the dissolution of the corporation prior to January 1, 1916, that its failure to file such certificate and reports did not interfere with the right of the corporation to continue to practice dentistry after that date as a " legally incorporated dental corporation existing and in operation " prior to that date as permitted by the statute; that its failure to file the reports has since been cured and acquiesced in by the state, according to the affidavit of the president of the corporation. Leave to bring an action on the other two grounds is, therefore, denied.

Ordered accordingly.