In the Matter of UNION FREE SCHOOL DISTRICT No. 6, TOWN OF BABYLON AND TOWN OF OYSTER BAY, et al., Petitioners, *v.* NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.

Second Department, November 26, 1973.

*L. Van Nostrand, Jr.,* for petitioners.

*Henry Spitz (Ann Thacher Anderson* of counsel), for respondents.

HOPKINS, J. Dorothy Cohen, Linda Heelan and Elaine Gangloff, teachers employed by the petitioner school district, filed grievances with the State Division of Human Rights, claiming discrimination on the ground of sex in the enforcement of maternity leave provisions in a contract between the school district and the Amityville Teachers' Association, of which these three complainants were members. In short, the complainants protested the conditions of the contract which required them (1) to discontinue their service " after the third month of pregnancy or at the conclusion of the first term, whichever comes first, except upon consent of the Superintendent," (2) to accept maternity leave without pay and (3) to remain out of employment until the September following the birth of the child, in the event the birth should occur on or before June 30 of the same calendar year.

Each of the complainants requested maternity leave to begin beyond the fourth month of the pregnancy. Each was refused and was not permitted to return to work until the time stated in the contract. The State Division found discrimination against the complainants by the petitioner school district and its Board of Education and ordered payment of the complainants' salaries from the respective dates their leaves became effective to the end of the school year in June, 1972, less payroll deductions and any interim earnings, and directed resumption of employment at the beginning of the next school year in September, 1972.[1] Thereafter, the Human Rights Appeal Board affirmed the Division's order. Since the Division's order dismissed the complaints insofar as they were against the petitioner Superintendent of Schools, Carl B. Sparke, the latter is not an aggrieved party and therefore the petition insofar as it is by

---

1. The complainants' grievances had been filed against the petitioners herein (the school district and its Superintendent of Schools), the Board of Education of the school district and the Amityville Teachers' Association. The State Division dismissed the grievances as against the Superintendent and the Teachers' Association.

him must be dismissed. Hereinafter, our references to the " petitioner " shall mean the school district only.

In this proceeding to review the Appeal Board's order, the petitioner contends that the complainants could not attack the employment contract, since they were bound by its terms, that the terms relating to maternity leave were reasonable and proper in any event and that the Division's order was punitive and beyond the authority of the Division. We conclude that the order should be confirmed, except as to a minor modification concerning the payment of back salary to the complainants Cohen and Heelan.

We have recently held that rules of a school district regulating maternity leave were discriminatory because they treated pregnancy as a condition less liberally than all other physical conditions to which human beings are subject (*Board of Educ. of Union Free School Dist. No. 2, East Williston, Town of North Hempstead* v. *New York State Div. of Human Rights*, 42 A D 2d 49). Hence, we confirmed orders of the Human Rights Appeal Board, which had affirmed orders of the State Division directing payment of back salaries and granting other relief similar to the order under review here.[2] Under the reasoning of *East Williston*, therefore, the petitioner's contentions, namely that the provisions of the contract with respect to maternity leave are reasonable and proper and that the order under review is punitive and unauthorized, are meritless. Except for a part of the order dealing with back pay, which we shall discuss later, the petitioner's arguments were fully considered in *East Williston* and there is no need again to state the analysis which brought us to the judgment that the terms of the policy of the Board of Education in that case were discriminatory in the light of the statute (Executive Law, § 296).

Nevertheless, there is an additional element in this proceeding which requires further consideration. Here the terms of the granting of maternity leave are contained not in a unilateral policy of the employer, but in a bilateral agreement between the employer and a collective bargaining agent representing the complainants. The issue then is whether the complainants are bound by the agreement made on their behalf by their negotiator and delegate in a process encouraged by statute (Civil Service

---

2. The contract provisions in this case are more restrictive than the rules in the *East Williston* case. In that case the rules provided for a mandated leave four months after commencement of pregnancy; in the instant case the mandated leave under the contract begins three months after commencement of pregnancy. The contract here also requires a longer waiting period before resumption of employment.

Law, § 210; cf. *City of New York* v. *De Lury,* 23 N Y 2d 175). We are thus drawn to an examination of the relationship between the employee and the bargaining agent in the making of an agreement with the employer.

That the bargaining agent does not have an unlimited authority to make a contract on behalf of the employee with the employer is settled. The bargaining agent has the duty to serve the interests of all members of a unit " without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct " (*Vaca* v. *Sipes,* 386 U. S. 171, 177; see, also, *Steele* v. *Louisville & Nashville R.R. Co.,* 323 U. S. 192; *Ford Motor Co.* v. *Huffman,* 345 U. S. 330; cf. Cox, Rights under a Labor Agreement, 69 Harv. L. Rev. 601). Indeed, the failure of the bargaining agent to observe the burdens of his duty may impose a liability for damages on him (*Griffin* v. *International Union, United Auto. Aerospace & Agric. Implement Workers of Amer.,* 469 F. 2d 181; *Local 13, Int. Longshoremen's & Warehousemen's Union* v. *Pacific Mar. Assn.,* 441 F. 2d 1061). " The deliberate sacrifice of a particular employee as consideration for other objectives must be a concession the union cannot make " (*Local 13, Int. Longshoremen's & Warehousemen's Union* v. *Pacific Mar. Assoc.,* 441 F. 2d 1061, 1068, *supra*).

Hence, the agent must neither discriminate racially in the making of an agreement (*Tunstall* v. *Brotherhood,* 323 U. S. 210; *Syres* v. *Oil Workers Int. Union, Local No. 23,* 350 U. S. 892) nor in the performance of a nondiscriminatory agreement (*Conley* v. *Gibson,* 355 U. S. 41). We think that the obligation of the agent is equally as broad in refraining from entering into labor contracts which discriminate on account of sex. The same statute and the same public policy apply to both racial and sexual discrimination (Executive Law, §§ 290, 296). The Teachers' Association, in representing the complainants, was consequently disabled from entering into the collective bargaining contract containing the discriminatory provisions concerning maternity leave (cf. *Bartmess* v. *Drewrys U. S. A.,* 444 F. 2d 1186, cert. den. 404 U. S. 939; *Lansdale* v. *Air Line Pilots Assn. Int.,* 430 F. 2d 1341).

Though the petitioner was not under any duty of fair representation toward the complainants, it was obliged to refrain from acting in a discriminatory manner under the statute (*Board of Educ. of Union Free School Dist. No. 2, East Williston, Town of North Hempstead* v. *New York State Div. of Human Rights,* 42 A D 2d 49, *supra*; cf. *Steele* v. *Louisville & Nashville R.R.*

*Co.,* 323 U. S. 192, *supra*). Thus, the bargaining agent and the employer have similar duties of nondiscrimination, albeit the duties are derived from different sources.

The petitioner claims, however, that the complainants ratified the terms of the contract in that the complainants had known its terms and had not indicated disapproval of them. We need not in this case determine whether parties discriminated against within the meaning of the statute may waive the discriminatory practice or be estopped from enforcing the statutory redress against it. At least in the Federal field, waiver and estoppel are doubtful defenses (see *Alston* v. *School Bd. of City of Norfolk,* 112 F. 2d 992) and in the cognate problem of the effect of a collective bargaining agreement providing for maternity leave on the right to unemployment compensation, the acquiescence of the employee in the terms of the agreement has been said not to forfeit her claim to benefits (*Douglas Aircraft Co.* v. *California Unemployment Ins. Appeals Bd.,* 180 Cal. App. 2d 636; *Myerson* v. *Board of Review, Division of Employment Security,* 43 N. J. Super. 196; *Smith* v. *Unemployment Compensation Bd. of Review,* 396 Pa. 557).

In this proceeding, evidence of waiver and estoppel is lacking. It is not enough to demonstrate an irreversible intent on the part of the complainants to accept the terms of the contract relating to maternity leave in that they were aware of the contract and took no steps to register their disapproval. Something more of an affirmative action by the complainants indicating approval of the contract and acceptance of its terms in substitution of their statutory rights must be shown before waiver and estoppel can be fairly concluded to have arisen. Here the most that can be said of the complainants prior to the filing of their grievances is that they had done nothing to repudiate the contract. That hardly constitutes the kind of conduct out of which waiver and estoppel commonly are found.

The petitioner also urges that the complaint as against the Amityville Teachers' Association should not have been dismissed, since the association is equally responsible for the discriminatory contract. There are several reasons why we should not interfere with the determination in that regard. For one thing, the complainants at the hearing before the State Division stated that they were seeking no relief against their bargaining representative. For another, the State Division could well have found that the maternity leave provision was not a benefit sought and obtained by the association, but rather by the petitioner. Lastly, the relief granted to the complainants was

properly directed against the petitioner as the beneficiary of that term of the contract which embodies the violation of the statute (Executive Law, § 296).

We find, however, that the order with respect to complainants Heelan and Cohen is too generous in directing the petitioner to pay them through June 30, 1972. The evidence establishes that only complainant Gangloff desired to work during that period; that Heelan did not wish to work beyond May 31, 1972; and that Cohen did not wish to work beyond April 30, 1972. Accordingly, the petition insofar as it is by the school district should be granted to the extent of modifying the order of the Appeal Board, on the law, so as to change the direction in the order of the Division, as to paying back pay, by limiting the period of time in question to a termination on May 31, 1972 as to complainant Linda Heelan and on April 30, 1972 as to complainant Dorothy Cohen; the order of the Appeal Board should be confirmed as so modified; and the cross application to enforce the Division's order should be granted only as to said order as herein limited with respect to the period of time in question as to back pay. Insofar as the petition is by the Superintendent of Schools, it should be dismissed, as stated early in this opinion. No costs should be awarded.

RABIN, P. J., MUNDER, MARTUSCELLO and LATHAM, JJ., concur.

Petition, insofar as it is by the school district, granted to the extent of modifying the order of the Appeal Board, on the law, so as to change the direction in the order of the Division, as to paying back pay, by limiting the period of time in question to a termination on May 31, 1972 as to complainant Linda Heelan and on April 30, 1972 as to complainant Dorothy Cohen; order of the Appeal Board confirmed as so modified; and cross application to enforce the Division's order granted only as to said order as herein limited with respect to the period of time in question as to back pay. Insofar as the petition is by the Superintendent of Schools, it is dismissed. No costs are awarded.