NEW YORK INSTITUTE OF TECHNOLOGY, Petitioner, v STATE DIVISION OF HUMAN RIGHTS, Respondent.

First Department, May 22, 1975

*Putney, Twombly, Hall & Hirson (Edward F. Callan* and *Joseph F. Porrino* of counsel), for petitioner.

*Moser, Henkin & Winter (Norman E. Henkin* of counsel), for complainant-respondent.

*Henry Spitz (Sara Toll East* of counsel), for respondent.

*Per Curiam.* On February 2, 1973, complainant, Laura Canuto, an associate professor of physics, filed a complaint with the State Division of Human Rights (the Division) charging the New York Institute of Technology (herein the petitioner) with an unlawful discriminatory practice relating to employment, in violation of the Human Rights Law (Executive Law, art 15) of the State of New York. In brief, there was a charge of discrimination based on sex. After a finding of jurisdiction and probable cause, a full hearing was held. Thereafter a cease and desist order issued which also directed certain affirmative actions by the petitioner. This order was affirmed by the State Human Rights Appeal Board (Appeal Board).

In its petition for review to this court, petitioner urges that the finding, as affirmed, is not supported by substantial evidence. Further, assuming *arguendo* that petitioner did commit an unlawful discriminatory practice, it contends the order issued is overly broad. Petitioner points out that it had a collective bargaining agreement with certain chapters of the American Association of University Professors (AAUP) which provided for certain internal procedures, including the establishment of personnel and budget committees at various levels which considered *inter alia* questions of promotion and tenure. Reference is made to the failure of one of these committees to approve or recommend complainant for tenure.

It has been held that "personnel policies and practices are no less subject to the constraints of the Human Rights Law because they are the product of negotiations". *(Union School Dist. v New York State Human Rights Appeal Bd.,* 35 NY2d

371, 378; *Matter of Union Free School Dist. v New York State Div. of Human Rights,* 43 AD2d 31.) A system not discriminatory in form or intent but which in actuality has that effect may constitute a violation of the Human Rights Law. (See *State Div. of Human Rights v Kilian Mfg. Corp.,* 35 NY2d 201.)

The pattern of female employment established by the testimony provided a factual basis for the findings and justified the determination. Admittedly, there was no question as to complainant's ability and competence. The commissioner concluded that the burden of explanation, which shifted to petitioner after a prima facie showing of a discriminatory practice, was not met. It is concluded that there was substantial evidence to support the determination.

Unless the decision of the commissioner was so arbitrary, capricious or characterized by abuse of discretion, or was a clearly unwarranted exercise of discretion, it would not be disturbed by the Appeal Board (Executive Law, § 297-a, subd 7, par e), nor can we disturb the findings of fact made if such findings are supported by sufficient evidence on the record considered as a whole. (Executive Law, § 298; *Matter of Mize v State Division of Human Rights,* 33 NY2d 53.)

The choice of remedies lay with the Division which has wide latitude "subject to the requirement that its orders must bear a reasonable relation to the discriminatory practices found to exist and to the legislative policy behind the statute *(Board of Educ. v New York State Div. of Human Rights,* 42 AD2d 49, 54, 35 NY2d 673). Tested by that standard the remedy should be upheld.

The order of the State Human Rights Appeal Board entered September 27, 1974, which affirmed an order of the State Division of Human Rights, dated December 27, 1973, should be unanimously confirmed, with costs and the cross motion for an order of enforcement should be granted.

STEVENS, P. J., MARKEWICH, LUPIANO, TILZER and CAPOZZOLI, JJ., concur.

Determination of the State Human Rights Appeal Board, dated September 27, 1974, unanimously confirmed, and the cross petition granted and the petitioner directed to comply with said determination. Respondents shall recover one bill of $60 costs and disbursements of these proceedings from petitioner.