■ SAMUEL L. KOUNTZ et al., Appellants, v STATE UNIVERSITY OF NEW YORK et al., Respondents.—In an action *inter alia* to declare that the provisions of article 8-AA of the Education Law relating to the clinical practice of medicine by teaching professionals employed on the faculties of medical schools of the State University of New York do not apply to plaintiffs' practice of medicine, and for related injunctive relief, the appeal is from an order and judgment (one paper) of the Supreme Court, Kings County, entered December 18, 1975, which (1) held the complaint insufficient as a matter of law, (2) dismissed the complaint and (3) denied

plaintiffs' motion for a preliminary injunction. Order-judgment modified by (1) deleting the first two decretal paragraphs thereof and substituting therefor a provision that the cross motion is denied and (2) deleting from the third decretal paragraph thereof the words "dismissed as moot" and substituting therefor the word "denied". As so modified, order-judgment affirmed, without costs or disbursements. The complaint alleges that plaintiffs, physicians duly licensed to practice medicine in this State and employed by defendants in the capacity of teaching professionals, were notified by them that they would be required to join a clinical practice income management corporation and that the corporation would be authorized to collect and disburse fees paid to plaintiffs by their private patients. It is alleged that plaintiffs' constitutional rights would be violated thereby because their private clinical practices are conducted on their own time and that they involve private patients and in no way interfere with the performance of their duties as State employees. Plaintiffs therefore seek a declaration that article 8-AA of the Education Law does not pertain to clinical practice income derived from private patients. Alternatively, they seek to restrain defendants from compelling them to join an income management corporation if, in so doing, plaintiffs are forced to submit their private practice income to State control. Insofar as the complaint alleges that plaintiffs' private clinical practice income would fall under the control of defendants in the event that they exercised their authority under article 8-AA, the complaint is adequate in seeking a declaration and related injunctive relief to determine what portion of plaintiffs' income is comprehended by the statutes in question. We have examined defendants' arguments that plaintiffs are barred from commencing this action because of the terms of an existing collective bargaining agreement, or because they possessed the absolute right to sever their employment relationship with the State, and find them to be without merit (cf. *Slochower v Board of Educ.,* 350 US 551; *Matter of Union Free School Dist. No. 6 v New York State Div. of Human Rights,* 43 AD2d 31). Cohalan, Acting P. J., Damiani, Rabin, Titone and Hawkins, JJ., concur.