■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v UNION FREE

SCHOOL DISTRICT OF THE TARRYTOWNS, Petitioner. (And Three Other Proceedings.)—Four proceedings pursuant to section 298 of the Executive Law to review four orders (one as to each complainant) of the respondent New York State Human Rights Appeal Board, each dated June 30, 1975, all of which orders, with modification, *inter alia,* directed petitioner to cease and desist from discriminating in the terms, conditions and privileges of employment on the basis of sex. The division has cross-applied for dismissal of the petitions. Cross application granted, petitions dismissed, and orders confirmed, without costs or disbursements. The determinations are supported by substantial evidence and petitioner was afforded due process by the division's procedures. The remands in the Garfunkel and Hoffman proceedings for the purpose of obtaining medical testimony as to when disability ended after the date of birth were proper (cf. *Matter of Board of Educ. of City of N. Y. v State Div. of Human Rights,* 42 AD2d 854, affd 35 NY2d 675). The claims were not time-barred by reason of the failure to comply with the notice of claim requirement of section 3813 of the Education Law (see *Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.,* 35 NY2d 371, 379–381, mot for rearg den 36 NY2d 807). By exercising their right to the optional unpaid maternity leave under the collective bargaining agreement, complainants did not elect to forego their right to accumulated sick leave for a period of physical disability before and after the date of birth (see *Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.,* 35 NY2d 371, 378, *supra; Matter of Union Free School Dist. No. 6 v New York State Div. of Human Rights,* 43 AD2d 31, 34–36, app dsmd 33 NY2d 975). Hopkins, Acting P. J., Damiani, Rabin, Shapiro and Hawkins, JJ., concur.