■ JEROME L. COHEN, Respondent-Appellant, v DAUGHTERS OF SARAH NURSING HOME COMPANY, INC., Appellant-Respondent. — Cross appeals from an order of the Supreme Court at Special Term, entered January 10, 1980 in Rensselaer County, which denied motions for summary judgment made by both parties. Plaintiff commenced this action against defendant for alleged breach of his employment contract. Defendant, in turn, answered and counterclaimed alleging that plaintiff's contention of breach was unjustified and was in itself a breach of the contract. Resolution of the dispute turns on the meaning of two clauses of the employment contract. The first gave plaintiff the power to organize, develop, direct and supervise medical and paramedical services, including nursing. The second subordinated plaintiff to the supervision of defendant's executive director, except as to medical policies and medical services. In such a situation, a trial on the merits is necessary to ascertain the proper interpretation to be given the confusing contract language (see *Ehrlich v Abrams Instrument Corp.,* 53 AD2d 825). The two clauses are ambiguous as to the rights and powers given plaintiff, as medical director, and defendant, through its executive director, in hiring and firing nursing personnel. If plaintiff had been granted the exclusive right, a resolution passed by defendant's board of directors limiting those rights was a material change in the contract constituting an actionable breach (see *Marks v Cowdin,* 226 NY 138). Both plaintiff and defendant have submitted affidavits by persons having knowledge of the facts in support of their respective positions. Thus, a factual issue exists here which, as Special Term ruled, must be resolved by trial (see *Rosenthal Co. v Brilliant Silk Mfg. Co.,* 217 App Div 667). Defendant contends that State regulations, which require that hiring and firing of personnel be exclusively controlled by the executive director of a nursing home, made the contract illegal and entitle it to summary judgment in its favor (10 NYCRR 415.2 [c] [2]). We disagree and hold that Special Term was correct in rejecting

this argument. The violation of such a regulation, which is *malum prohibitum* rather than *malum in se,* does not affect either party's action in enforcement of the contract *(O'Neil Supply Co. v Petroleum Heat & Power Co.,* 280 NY 50; *Rosasco Creameries v Cohen,* 276 NY 274). The contract of employment also provided that plaintiff be paid additional deferred compensation after termination of his employment at the discretion of defendant. Special Term properly granted summary judgment in favor of plaintiff to the extent that it directed defendant to pay, according to its own discretion, deferred compensation accrued to plaintiff. There is no ambiguity in the contract language used in this clause and it must then be construed on its face as a matter of law (see *Nucci v Warshaw Constr. Corp.,* 12 NY2d 16; *Matter of Friedman v D'Antoni,* 50 AD2d 9). The only condition is that the discretionary payments be made after termination of employment and before plaintiff reaches the age of 70. The order of Special Term should in all respects be affirmed. Order affirmed, without costs. Mahoney, P.J., Sweeney, Main, Mikoll and Herlihy, JJ., concur.