■ TOWN OF CLIFTON PARK, Appellant, v RIVERCREST SEWERAGE DISPOSAL CORPORATION et al., Respondents. — Appeal from an order of the Supreme Court at Special Term, entered January 16, 1980 in Saratoga County, which partially granted defendants' motion for summary judgment. In 1967, Rivercrest Sewerage Disposal Corporation (Rivercrest) was organized pursuant to article 10 of the Transportation Corporations Law. It was incorporated with the express consent of the Town of Clifton Park (Town), and the Department of Health of the State of New York gave its approval for the operation of a sewage disposal system by Rivercrest for the benefit of homeowners who moved into a subdivision developed by defendant Walter Socha Builders, Inc. For over 10 years, Rivercrest provided all sewage disposal services for 18 homes in the subdivision. In April, 1978, Rivercrest notified the Town that as of June 30, 1978 the system would be abandoned by the corporation and maintenance would be discontinued. The stock of the corporation, the keys to the facility and a deed to the real property were offered to and rejected by the Town. On the designated date, Rivercrest discontinued its operation of the system. In the context of an action for permanent injunction and for monetary damages based on fraudulent misrepresentation, the plaintiff Town moved for a preliminary injunction seeking continued operation and maintenance of the system. Special Term denied that motion in a well-reasoned decision which held that the duty of a sewage works corporation to supply the municipality wherein it operates with facilities for disposal of waste at fair, reasonable and adequate rates (Transportation Corporations Law, § 121) must be read together with section 119 of the same law which, in subdivision 2, requires "a reasonable guaranty from the corporation that said corporation will continue to maintain and operate the system for a period of at least five years". Further, Special Term also relied on section 119 (subd 3, par [a]) which provides that "in the event of abandonment or discontinuance of the maintenance and operation of the system by the corporation", the stock of the corporation "shall pass to the local governing body". Next, subdivision 4 of the same section provides that "In the event of such abandonment or discontinuance of the maintenance and operation of the system, the local governing body shall have the right to continue the maintenance and operation of the system". These provisions, read together, persuaded Special Term to conclude that Rivercrest had a duty to operate and maintain the system for five years, for which a bond must be posted, and thereafter the corporation may abandon the facility and discontinue its operation *(Town of Clifton Park v Rivercrest Sewage Corp.,* 96 Misc 2d 122). We agree. Thus, when Rivercrest moved at Special Term for summary judgment dismissing the Town's complaint which sought to permanently enjoin the corporation from discontinuing the sewage system,

Special Term, after noting that no appeal had been taken from its prior order and relying on the same statutory interpretations heretofore indulged in connection with the Town's motion for a preliminary injunction, dismissed the first two causes of action which sought to permanently enjoin Rivercrest from abandoning the system. We concur in that result.* The Town's fourth and fifth causes of action, seeking punitive and exemplary damages, were also properly dismissed. A claim for punitive or exemplary damages does not constitute a separate cause of action (*Goldman v Garofalo,* 59 AD2d 933). Lastly, punitive or exemplary damages, if any, may be recoverable in the Town's third cause of action, sounding in fraud, which action properly survived Rivercrest's motion for summary judgment dismissing the complaint. Order affirmed, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.

---

* Rivercrest's alleged violation of the Environmental Conservation Law involving improper discharge of sewage is not a ground for any injunctive relief against the corporation. Any penalty assessed would be against the corporation and would not involve the Town.