■ JACK PALEY et al., Respondents, v COPAKE LAKE DEVELOPMENT CORP., Appellant. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered December 21, 1981 in Columbia County, which granted a motion by plaintiff for a preliminary injunction and denied a motion by defendant for summary judgment dismissing the complaint. Plaintiff Paley is the owner of real property acquired by deed from defendant dated July 3, 1963. That deed provided that a sewer system would be maintained for his benefit and for that of other property owners in the·area by the North Shore Sewerage Disposal Corporation upon the payment of an annual fee of $25. Such service was furnished by that corporation until it was dissolved, by operation of law, on December 15, 1970. Thereafter, defendant supplied sewerage service under the same terms and conditions until December 31, 1981, when such service was terminated by defendant as economically unfeasible. This action for a judgment declaring the rights of the parties and for injunctive relief was commenced on October 26, 1981, and following plaintiff's successful motion for a preliminary injunction enjoining defendant from disconnecting sewerage service and directing that service be maintained during the pendency of the action, this appeal ensued. The order should be affirmed. Plaintiff has established those factors necessary to entitle him to temporary injunctive relief. Certainly irreparable harm will occur upon the termination of sewerage services, both to plaintiff and adjoining property owners. Defendant's continued maintenance of this service subsequent to the dissolution of North Shore Sewerage Disposal Corporation, a wholly owned subsidiary of defendant, was in accordance with a covenant of service contained in plaintiff's deed and upon which he was entitled to rely. Having no adequate remedy at law, injunctive relief is proper. Moreover, defendant's contention that it is entitled to the benefits of the provision of the Transportation Corporations Law relating to the abandonment of sewerage systems is without merit, for clearly defendant is not a "sewage-works corporation" (Transportation Corporations Law, § 119, subds 2, 4; *Town of Clifton Park v Rivercrest Sewerage Disposal Corp.,* 81 AD2d 982). Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane and Casey, JJ., concur.

Weiss, J., dissents and votes to reverse in the following memorandum. Weiss, J. (dissenting). I respectfully dissent. Initially, it must be observed that the record is devoid of any evidence whatsoever with reference to the cause of action by plaintiff Walsheim, other than an allegation in the complaint that "plaintiffs are owners of real property located at Copake Lake" and that "plaintiffs or their predecessors in title, purchased real property from defendant". The deed annexed to the complaint as Exhibit A is plaintiff Paley's deed and fails to establish a cognizable cause of action on behalf of Walsheim. Defendant's motion for summary judgment as to that plaintiff should have been granted. The majority holds that "plaintiff has established those factors necessary to entitle him to injunctive relief" finding "[c]ertainly irreparable harm will occur upon termination of sewerage services". I disagree. Plaintiff Paley's affidavit contains no more than his conclusory statement that severe injury and irreparable damage to his home, safety, health and welfare as well

as substantial damage to the value of his property will result from termination, interruption or discontinuance of the sewer system. The rule is that a preliminary injunction may properly issue only when plaintiff demonstrates (1) likelihood of his ultimate success upon the merits, (2) irreparable injury to him absent the granting of the preliminary injunction, and (3) a balancing of equities (*Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 70 AD2d 1021, 1022). Plaintiff Paley has failed to show that he would be unable to secure continuation of sewer services either from the municipality, or from other sources, or that he could not install a septic tank system. The cost of any of these alternative substitutes would be easily capable of cost evaluation and thus recoverable in money damages should he prevail. While Paley's deed did contain a clear obligation by this defendant to furnish and supply water, there is nothing in the deed from which it may be concluded defendant undertook a warranty or promise to operate and maintain a sewage system. There is nothing in this record other than Paley's unsubstantiated conclusory allegations to impose responsibility upon defendant for such obligation. That defendant did, following dissolution of North Shore Sewerage Disposal Corporation, endeavor to continue the service covenanted by that corporation, should not be held to constitute an agreement to provide sewage disposal in perpetuity (see *Armstrong v County of Onondaga,* 85 AD2d 906, 907). I further find this record lacking any proof to demonstrate that defendant either undertook or assumed an obligation to provide sewage service in perpetuity. It therefore appears that plaintiff Paley has failed to demonstrate likelihood of success upon trial or irreparable injury sufficient to sustain the temporary injunction. It is settled that the grant or denial of a preliminary injunction rests within the discretion of Special Term (*James v Board of Educ.,* 42 NY2d 357, 363) and that appellate review is limited to whether that discretion has been abused (*R & J Bottling Co. v Rosenthal,* 40 AD2d 911, 912; see *Lowe v Reynolds,* 75 AD2d 967 [Greenblott, J., dissenting]). I find that Special Term erred in granting the order and would reverse and grant defendant summary judgment dismissing the complaint.