(September 30, 2003)

■ In the Matter of MARC G. ODRICH, M.D., et al., Respondents, v TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK et al., Appellants. [764 NYS2d 448] —Order, Supreme Court, New York County (James Yates, J.), entered September 23, 2002, which, in a CPLR article 78 proceeding by two physicians challenging the determination of respondents medical school trustees and administrators denying petitioners part-time appointments to respondents' faculty because of petitioners' refusal to pay respondents a "Dean's Tax" of 10% of the income generated by petitioners' private clinical practice, held that petitioners' payment of such Dean's Tax would constitute illegal fee-splitting, and granted petitioners related injunctive relief, including that respondents conduct a de novo review of petitioners' applications for part-time faculty appointments without the wrongful demand that they pay the Dean's Tax, unanimously affirmed, without costs.

Petitioners are brothers and ophthalmologists who were appointed as part-time instructors at respondent Columbia University's College of Physicians and Surgeons in 1992 and 1993 respectively. At the time of their appointment, petitioners were in private practice in Riverdale and were not required to share any portion of their income from that practice with the College as a condition of their employment. Thereafter, in June 1998, petitioners were appointed as full-time Assistant Professors of Clinical Ophthalmology at the College and assistant attending physicians at Presbyterian Hospital. As such, petitioners were required to render professional services to patients as salaried employees of respondent's university faculty practice corporation. The university paid the reasonable expenses of their practice, including but not limited to salaries, rent, general clinical office overhead, malpractice insurance and other

related expenses. All income derived from petitioners' practice was billed through and collected by such corporation, with 5% specifically earmarked for the medical school's Department of Ophthalmology and another 5% earmarked for the medical school's Dean's discretion. The parties' agreements further provided that, should petitioners leave the full-time faculty and the faculty practice within the first two years of the agreements, they could resume their former part-time relationship with the medical school and the hospital. Thereafter, in October 2000, petitioners resigned from their full-time faculty appointments, effective January 1, 2001, in order to resume their private practice, but indicated their desire to continue practicing ophthalmology at the university and remain members of its faculty. However, in response to petitioners' requests and, "as an exception to University policy," the medical school changed their full-time appointments to part-time appointments conditioned upon their agreement that all their "practice fee income" would be subject to the 10% "Dean's Tax." Such part-time appointment is needed by petitioners in order to have staff privileges at the hospital associated with respondents' medical school.

The motion court, in a well-reasoned opinion, correctly held that petitioners' payment of the Dean's Tax would constitute illegal fee-splitting in violation of Education Law § 6530 (19) and § 6531, where petitioners are no longer employees of respondent's university faculty practice corporation, and respondent is no longer providing petitioners with salary, employee benefits, facilities, supplies, staff or malpractice insurance (*compare Albany Med. Coll. v McShane*, 66 NY2d 982 [1985], *affg* 104 AD2d 119 [1984]). The motion court also properly directed respondents to reconsider petitioners' applications for part-time faculty appointments without the "wrongful demand for a share of their private practice income" (*see* Public Health Law §§ 2801-b, 2801-c). However, as noted by the motion court, there may be other financial arrangements upon which the medical school could properly condition any appointment of petitioners to its part-time faculty. We have considered and rejected respondents' other arguments. Concur—Tom, J.P., Mazzarelli, Andrias, Rosenberger and Williams, JJ. [*See* 193 Misc 2d 120.]